NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0568n.06

No. 13-6339

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 12, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff-Appellee,** | ) |
| | ) |
| v. | ) |
| | ) |
| TERRENCE BELL, | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

**OPINION**

Before: MOORE and ROGERS, Circuit Judges, and NIXON, District Judge.[*]

**PER CURIAM.** Terrence Bell pleaded guilty to possessing cocaine with intent to distribute and to being a felon in possession of a firearm. The district court sentenced Bell to 180 months of imprisonment as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three prior convictions: one for aggravated robbery and two for aggravated assault. Bell argued before the district court and on appeal that one of his convictions for aggravated assault under Tennessee Code Annotated § 39-13-102(c) did not qualify as a violent felony. We affirmed the district court's determination that Bell's prior conviction for aggravated assault qualified as a violent felony and affirmed the district court's sentence. Bell filed a petition for rehearing en banc, which this court denied. Bell then filed a petition for a writ of certiorari. The Supreme Court granted Bell's petition, vacated our prior

---

[*]The Honorable John T. Nixon, United States District Judge for the Middle District of Tennessee, sitting by designation.

judgment, and remanded the case to this court for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Bell v. United States*, — S. Ct. —, 2015 WL 641256 (2015) (mem.). On reconsideration, we **REVERSE** the district court's judgment sentencing Bell as an armed career criminal and **REMAND** for resentencing.

## I. ANALYSIS

The ACCA provides that a person convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm shall be imprisoned for a minimum of fifteen years if that person has three previous convictions under § 922(g)(1) for violent felonies. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that meets one of three requirements: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). The third option is often referred to as the "residual clause" of the ACCA.

In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The Supreme Court pointed to two problematic elements of the residual clause that make it difficult to apply in a consistent, principled, and clear way. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2557. And second, "the residual

clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."

*Id.* at 2558. The Supreme Court concluded that "[n]ine years' experience trying to derive meaning from the residual clause convinces us that we have embarked upon a failed enterprise. Each of the uncertainties in the residual clause may be tolerable in isolation, but their sum makes a task for us which at best could be only guesswork." *Id.* at 2560 (internal quotation marks omitted).

*Johnson* dictates that Bell cannot be sentenced as an armed career criminal in this case. Aggravated assault is not one of the enumerated offenses listed in the ACCA. The government previously conceded that Tennessee Code Annotated § 39-13-102(c)'s definition of aggravated assault does not categorically meet the "use of force" clause requirements. *United States v. Bell*, 575 F. App'x 598, 601 (6th Cir. 2014), *cert. granted, judgment vacated*, — S. Ct. —, 2015 WL 641256 (2015) (mem.). The government also did not argue that, applying the modified categorical approach, Bell had been convicted of a "use of force" violent felony. Appellant Br. at 26–27. Thus, the residual clause provides the sole avenue by which Bell's prior conviction could qualify as a violent felony, and in our prior decision we relied on the residual clause to find that it did. *Bell*, 575 F. App'x at 607. In light of *Johnson*'s holding that the residual clause is unconstitutionally vague, Bell's aggravated assault conviction no longer qualifies as a violent felony. Therefore, we reverse the district court's determination that Bell is an armed career criminal under the ACCA and remand for resentencing.

## II. CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment sentencing Bell as

an armed career criminal and **REMAND** for resentencing.